# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **IN RE YELLOW POPLAR LUMBER COMPANY, INC.,** | ) ) ) | Case No. 1:15CV00037 |
| Debtor. | ) ) | |

## OPINION AND ORDER

For the reasons hereafter set forth, it is **ORDERED** that this bankruptcy case is REFERRED to the United States Bankruptcy Court for the Western District of Virginia.

A brief history of this case, which is governed by the Bankruptcy Act of 1898 and the 1973 Rules of Bankruptcy Procedure, is as follows.

On July 17, 1928, White Oak Lumber Company filed a petition in the United States District Court for the Western District of South Carolina[1] to have Yellow Poplar Lumber Company, Inc. ("Yellow Poplar") adjudged a bankrupt. Yellow Poplar was adjudged a bankrupt and the bankruptcy case was closed in 1931. Eighty-two years later, on April 3, 2013, suit was filed in the Circuit Court of Buchanan County, Virginia, seeking a determination of the ownership of the gas estates of certain parcels of land located in Virginia, based upon a 1929 deed from

---

[1] South Carolina was then divided into two federal judicial districts. It was reorganized as a single district in 1965. 79 Stat. 951 (1965).

Yellow Poplar's bankruptcy trustee.[2] The defendants removed the case to the United States Bankruptcy Court for the Western District of Virginia. Later, at the request of the plaintiff, this court withdrew reference of this removed declaratory judgment action from the bankruptcy court. On December 10, 2013, the court appointed John M. Lamie to serve as Guardian ad Litem ("GAL") on behalf of the unknown successors in interest to Yellow Poplar. Order, ECF No. 101.[3]

Thereafter, with the agreement of the parties, the United States District Court for the District of South Carolina reopened Yellow Poplar's bankruptcy case and transferred it in its entirety to this court. Order, *In re Yellow Poplar Lumber Co.*, Case No. 8:28-cv-01101-BHH (Closed Case No. B-1101) (D.S.C. July 20, 2015); Case No. 1:15CV00037, ECF No. 4. On August 24, 2015, this court appointed Mr. Lamie to serve as the replacement Trustee for Yellow Poplar.[4] Order, ECF No. 397. The court later authorized the employment of Mr. Lamie in

---

[2] The original plaintiff was Plum Creek Timberlands, L.P. ("Plum Creek"). Highland Resources, Inc., intervened and was joined as a plaintiff. On September 28, 2016, Plum Creek merged with Weyerhaeuser Company, Inc., with Weyerhaeuser Company, Inc., as the surviving entity. On December 31, 2016, Highland Resources, Inc., merged with Weyerhaeuser NR Company, with Weyerhaeuser NR Company as the surviving entity. Weyerhaeuser Company and Weyerhaeuser NR Company were accordingly substituted as plaintiffs.

[3] Unless otherwise indicated, the record citations refer to Case No. 1:13CV00062, rather than the underlying bankruptcy case, which is numbered in this court as 1:15CV00037.

[4] The original Trustee for Yellow Poplar is long deceased.

his capacity as an attorney, along with his law firm, Browning, Lamie & Gifford, P.C., as counsel for the Trustee.

The case was set for jury trial, but on January 25, 2017, a few days before trial, the parties notified the court that they had reached a settlement of the ownership claims. On February 8, 2017, the Trustee filed a Settlement Agreement and accompanying Motion for Approval of Settlement. After publication of notice of the proposed settlement, the court held a hearing on the settlement on May 12, 2017. No objections to the settlement were submitted. An Order approving the settlement and quieting title to the subject property was entered on June 7, 2017. Order, ECF No. 550. Mr. Lamie applied for payment of his fees and expenses as GAL, Trustee, and counsel to the Trustee, which were approved. Op. & Order, June 28, 2017, ECF No. 552. The ownership case was dismissed from the docket of this court on June 28, 2017, ECF No. 553.

Based on this court's approval of the settlement, which determined the shares of ownership of the gas interests in question, it is anticipated that the bankruptcy estate of Yellow Poplar will receive approximately $2 million of gas royalties now being held in escrow by the Virginia Gas and Oil Board. In addition, it is likely to receive ongoing royalty payments.

It is apparent that the bankruptcy court is in the best position to administer Yellow Poplar's bankruptcy estate. In such administration, the bankruptcy court

may wish to consider two issues. First, one of the parties to the ownership case objected to the appointment of Mr. Lamie as Trustee on the ground that he had previously been appointed as GAL for the unknown successors in interest to Yellow Poplar and had in fact represented certain descendants of one of its shareholders. I determined that his service as Trustee in the ownership case would pose no conflict since it did not encompass the distribution of assets. Op. & Order 7, Aug. 24, 2015, 1:15CR00037, ECF No. 13. The individuals alleged to be successors to a shareholder obtained other counsel after Mr. Lamie's appointment as Trustee, and it may be that no conflict will exist in the administration of the estate. In addition, Mr. Lamie is well experienced in Yellow Poplar's property and affairs, and may be best suited to continue to serve as Trustee.

In addition, pursuant to Rule 212(c) of Federal Rules of Bankruptcy Procedure (1973), which former rule is applicable to this case, a bond or the giving of other security by Mr. Lamie as Trustee was excused upon his appointment, because he then had no custody of any property of the estate. Order, Oct. 14, 2015, 1:15CV00037, ECF No. 16. The bankruptcy court will wish to reconsider that issue in lieu of the anticipated payment of royalties to Yellow Poplar's estate.

The clerk of this court shall administratively terminate the bankruptcy case from the docket of this court, in light of this reference.

The clerk is directed to provide a copy of this Opinion and Order to the Honorable Paul Black, United Sates Bankruptcy Judge for the Western District of Virginia, to John W.L. Craig, II, Clerk of the United States Bankruptcy Court for the Western District of Virginia, and to Margaret Garber, Assistant United States Trustee, Office of the United States Trustee, First Campbell Square Building, Suite 505, 210 First Street, SW, Roanoke, Virginia 24011.

ENTER: June 28, 2017

/s/  James P. Jones
United States District Judge